UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMANDA ZAMORA, D/B/A 3L § | | |
| LOTS AND DEVELOPERS LLC / § | | |
| 3L LUCKSINGER APARTMENTS § | | |
|    Plaintiff, § | | |
| § | CIVIL ACTION NO. 7:15-cv-00356 | |
| v. § | JURY DEMANDED | |
| § | | |
| AMERICAN WESTERN HOME § | | |
| INSURANCE COMPANY § | | |
|    Defendant. § | | |

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant American Western Home Insurance Company ("Defendant" or "American Western") files this motion for final summary judgment as to all of Plaintiff Amanda Zamora, D/B/A 3L Lots and Developers LLC / 3L Lucksinger Apartments' ("Plaintiff" or "Zamora") claims.

### I.   INTRODUCTION

1.   The Court should grant American Western's motion for summary judgment as to all of Plaintiff's claims for the following reasons:

- **Zamora's claims for alleged violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the DTPA, and negligent misrepresentation are barred by the applicable statute of limitations;**

- **Zamora's claims fail because she is not a named insured, additional insured, or intended third-party beneficiary under the Policy;**

- **3L Lots lacks capacity to sue American Western because 3L Lots forfeited its existence; and**

- **Zamora does not have standing to sue in her individual capacity, and there is no evidence she has standing to sue as a representative of 3L Lots; therefore, all of her claims must be dismissed for lack of subject matter jurisdiction.**

## II.     FACTS

2.     On June 30, 2011, American Western issued a commercial property insurance policy, Policy Number ZM1147129J ("the Policy"), to "3L Lots and Developers LLC" and "3L Lucksinger Apartments," both of which are listed as the "named insured" on the Policy declarations page.[1] The property insured under the Policy is an apartment building located at 1202 Lucksinger, Mission, Texas 78572 (the "Property"), and coverage under the Policy was effective from June 30, 2011 to June 30, 2012.[2] Amanda Zamora is not listed as a named insured on the Policy declarations page or anywhere else in the Policy.[3]

3.     On April 23, 2012, 3L Lots submitted a Property Loss Notice to American Western stating that the Property had suffered wind and hail damage to the roof and ceiling during a storm that occurred on April 20, 2012.[4] American Western promptly assigned an adjuster to investigate the claim, and notified 3L Lots' insurance agent on April 24, 2012 that an adjuster had been assigned to the claim.[5] The adjuster conducted a thorough inspection of the Property on May 10, 2012.[6] Based on the inspection, American Western sent a letter to the insured on May 21, 2012, in which American Western informed the insured that, because the damage to the Property did not exceed the $5,000 deductible, no payment would be issued for the claim.[7] American Western then closed its file.[8]

4.     Over two and a half years later, on January 12, 2015, Plaintiff filed suit against American Western alleging that American Western (1) breached the Policy; (2) violated Chapters 541 and 542 of the Texas Insurance Code; (3) violated the Texas Deceptive Trade

---

[1] *See* **Exhibit A-1**: Policy.
[2] *See id.*
[3] *See id.*; *see* **Exhibit A**: Declaration of Michelle Newton.
[4] *See* **Exhibit A-2**: Property Loss Notice.
[5] *See* **Exhibit A-3**: Letter to Amanda Zamora Insurance Agency.
[6] *See* **Exhibit A-4**: Letter to Insured.
[7] *See id.*
[8] *See* **Exhibit A**.

Practices Act ("DTPA"); (4) breached the duty of good faith and fair dealing; (5) committed fraud; and (6) made negligent misrepresentations to Plaintiff.[9]

### III. STANDARD OF REVIEW

5. Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[10] The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case.[11] If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with significant probative evidence that there exists a triable issue of fact.[12] If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial.[13] The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.[14]

### IV. ARGUMENT & AUTHORITIES

**A. Plaintiff's claims for alleged violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the DTPA, and negligent misrepresentation are all barred by the applicable statute of limitations.**

6. Plaintiff's claims for alleged violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the DTPA, and negligent misrepresentation are

---

[9] *See* Plaintiff's Original Petition (the "Petition").
[10] Fed. R. Civ. P. 56.
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[12] *Id.* at 322; *see also Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim.").
[13] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585–87 (1986).
[14] *Id.* at 586; *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence).

all subject to a two-year statute of limitations.[15] These claims accrued at the latest on May 21, 2012, when American Western sent a denial letter to the insured in which American Western informed the insured that, because damage to the Property did not exceed the $5,000 deductible, no payment would be issued for the claim.[16] Plaintiff did not file this lawsuit until January 12, 2015, over two and a half years later.[17] Therefore, Plaintiff's claims for alleged violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the DTPA, and negligent misrepresentation are barred by the applicable two-year statutes of limitation, and all fail as a matter of law.

**B.    Zamora's claims for breach of contract and her extra-contractual claims for alleged violation of the Texas Insurance Code, the DTPA, and the duty of good faith and fair dealing all fail because she is not a named insured, additional insured, or intended third-party beneficiary under the Policy.**

7.    Zamora is not identified anywhere in the Policy.[18] She is not a named insured. She is not an additional insured. And there is no mention of the parties' intent to secure a benefit for her as a third-party beneficiary to the Policy.[19] Therefore, her claims for breach of contract and her extra-contractual claims for violation of Chapters 541 and 542 of the Texas insurance Code, DTPA, breach of the duty of good faith and fair dealing, negligence and fraud, all fail as a matter of law.

---

[15] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (establishing two-year statute of limitations applicable to negligent misrepresentation); *see HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (two-year statute of limitation applies to negligent misrepresentation); *see* Tex. Bus. & Comm. Code § 17.565 (establishing two-year statute of limitations for claims filed under the DTPA); *see* Tex. Ins. Code § 541.162 (establishing two year statute of limitations for unfair method of competition or unfair or deceptive act or practice claims under the Insurance Code); *see Liberty Mut. Fire Ins. Co. v. Richards*, 810 S.W.2d 232, 233 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (applying a two-year statute of limitations to a claim for breach of the duty of good faith and fair dealing).

[16] *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (holding that the statute of limitations accrues when the underlying insurance contract claims are finally resolved, i.e. when the insurer denies coverage).

[17] *See* Petition.

[18] *See* **Exhibit A-1**.

[19] *See id.*

     *i.*     ***Zamora's breach of contract claim fails as a matter of law.***

    8.    Zamora lacks standing to bring a breach of contract claim against American Western because she is not in privity of contract with American Western.  She is not a named insured, additional insured, or third-party beneficiary under the Policy.[20]

    9.    To establish a claim for breach of contract, a plaintiff must show: "(1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach."[21]  Privity is established by proving that the defendant was a party to an enforceable contract with the plaintiff.[22]  In the present case, the summary judgment evidence establishes that Zamora is not a party to the Policy.[23]  "Generally, a property-insurance policy is a personal contract between the insured and the insurer."[24]  Here, the only "Named Insureds" listed on the "Common Policy Declarations" page are "3L LOTS AND DEVELOPERS LLC" and "3L LUCKSINGER APARTMENTS."[25]  Zamora is not identified in the Policy or in any endorsement to the Policy as a named insured or an additional insured.[26]

    10.    Zamora is also not an intended third-party beneficiary of the Policy.  In Texas, a third party may enforce a contract made between other parties only if the parties to the contract intended to secure some benefit to the third party, and only if the contracting parties entered into

---

[20] *See* **Exhibit A-1**.
[21] *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 674–75 (Tex. App.—Beaumont 2005, no pet.).
[22] *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied) (citing *Redmon v. Griffith*, 202 S.W.3d 225, 239 (Tex. App.—Tyler 2006, pet. denied)).
[23] *See* **Exhibit A-1**.
[24] *Debes v. General Star Indemnity Co.*, No. 09–12–00527–CV, 2014 WL 3384679, *3 (Tex. App.—Beaumont July 10, 2014, no pet.) (citing *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 388 (Tex. App.—Dallas 2012, no pet.)).
[25] *See* **Exhibit A-1**.
[26] *Id.*

the contract directly for the third party's benefit.[27] If the contract confers only an indirect, incidental benefit to the third party, the third party cannot enforce the contract.[28] Traditionally, Texas courts have presumed that a party contracts only for its own benefit.[29] Therefore, **"[t]here is a strong presumption in Texas law *against* third-party beneficiary agreements," and a court "must look to the terms of the contract to determine whether the contracting parties expressly demonstrated an intent to depart from that presumption."**[30] "In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling."[31] " A court will not create a [third-party] beneficiary contract by implication."[32] **The intention to contract for or confer a direct benefit to a third party must be clearly and fully spelled out in the agreement itself, or enforcement by the third party must be denied.**[33] " In other words, the party claiming third-party beneficiary status will succeed or fail according to the terms of the contract."[34]

11.     "The fact that a person is directly affected by the parties' conduct, or that he may have a substantial interest in a contract's enforcement, does not make him a third-party beneficiary."[35] In determining the contracting parties' intent, "[a]ll doubts must be resolved

---

[27] *Debes*, 2014 WL 3384679 at *3 (citing *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co*., 995 S.W.2d 647, 651 (Tex. 1999)).
[28] *Id.* (citing *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011)).
[29] *Id.* (citing *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc*., 348 S.W.3d 894, 900 (Tex. 2011); *MCI Telecomms*, 995 S.W.2d at 651).
[30] *Id.* (citing *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 773 (Tex. App.—Corpus Christi 2003, no pet.); *Tawes*, 340 S.W.3d at 425 ("Traditionally, Texas courts have maintained a presumption against third-party beneficiary agreements."); *Marine Creek Partners, Ltd. v. Caldwell*, 926 S.W.2d 793, 795 (Tex. App.—Fort Worth 1996, no writ) (noting that a third party faces a "difficult burden" in establishing a contractual third-party beneficiary claim)) (emphasis added).
[31] *Id.* (citing *Basic Capital*, 348 S.W.3d at 900 (quoting *MCI Telecomms*., 995 S.W.2d at 651)).
[32] *Id.* (citing *In re Citgo Petroleum Corp*., 248 S.W.3d 769, 775 (Tex. App.—Beaumont 2008, orig. proceeding) (per curiam).
[33] *Id.* (citing *Basic Capital*, 348 S.W.3d at 900 (quoting *MCI Telecomms*., 995 S.W.2d at 651)).
[34] *Id.* (citing *Marine Creek*, 926 S.W.2d at 795 (quoting *Brunswick Corp. v. Bush*, 829 S.W.2d 352, 354 (Tex. App.—Fort Worth 1992, no writ))).
[35] *Id.* (citing *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 757 (Tex. App.—Fort Worth 2012, pet. denied) (internal quotes omitted); *Rivera v. S. Green Ltd. P'ship*, 208 S.W.3d 12, 22–23 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)) (emphasis added).

against conferring third-party beneficiary status."[36] Therefore, "[i]f there is any reasonable doubt as to the contracting parties' intent to confer a direct benefit on the third party by way of the contract, the third-party beneficiary claim must fail."[37]

12. There is no evidence that Zamora was an intended third-party beneficiary to the Policy. There is nothing in the express language of the Policy that "clearly and fully spells out an intent" on behalf of American Western and the named insureds to confer a direct benefit on Zamora.[38] Therefore, her breach of contract claim fails as a matter of law.

> ii. *Zamora's extra-contractual claims for alleged violation of the Texas Insurance Code, the DTPA, and the duty of the good faith and fair dealing fail as a matter of law.*

13. Because Zamora is not a named insured, additional insured, or third-party beneficiary under the Policy, as established above, all of her extra-contractual claims for alleged violation of the Texas Insurance Code, the DTPA, and the duty of good faith and fair dealing fail as a matter of law as well. Courts in Texas have consistently held that "a third-party claimant has no direct cause of action against an insurer for unfair claim settlement practices" under the Texas Insurance Code.[39] Therefore, Zamora's claims under Chapters 541 and 542 of the Texas Insurance Code fail because, as shown above, she is not a named insured, additional insured, or third-party beneficiary under the Policy.[40]

14. Additionally, Zamora's extra-contractual claim for breach of the duty of good faith and fair dealing fails as a matter of law. The claim for breach of the duty of good faith and

---

[36] *Id.* (citing *Tawes*, 340 S.W.3d at 425).
[37] *Id.* (citing *Ortega*, 97 S.W.3d at 773).
[38] *Id.* at *5; see **Exhibit A-1**.
[39] *Barrios v. Great Am. Assur. Co.*, No. CIV.A. H-10-3511, 2011 WL 3608510, at *4 (S.D. Tex. Aug. 16, 2011) (citing *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994)).
[40] *Id.*

fair dealing "arises from the contractual relationship between the insured and the insurer."[41] "Under Texas law, insurers have long had a duty to deal fairly and in good faith with an insured in processing and paying claims."[42] "The elements require that an insurance contract exist between the plaintiff-insured and the defendant-insurer to create a duty of good faith and fair dealing."[43] "Only the insured has the standing to sue its insurer for the breach of the duty of good faith and fair dealing and the insurer's duty in this regard does not extend to third party claimants."[44] Because Zamora is not a named insured, additional insured, or third-party beneficiary under the Policy, her claim for breach of the duty of good faith and fair dealing fails.

15. Zamora's claim under the DTPA also fails for these same reasons. Courts in Texas have repeatedly held that, where there is no direct contractual relationship between the parties, the plaintiff cannot maintain a claim under the DTPA against an insurer.[45]

**C. 3L Lots forfeited its existence; therefore, it lacks capacity to sue American Western.**

16. Standing is a party's justiciable interest in the suit, and is a requisite component of subject-matter jurisdiction.[46] Capacity is a party's legal authority to go into court to prosecute or defend a suit.[47] To bring suit and recover on a cause of action, a plaintiff must have both standing and capacity.[48] As demonstrated above, Zamora is not an insured under the Policy and

---

[41] *See Pak-Petro, Inc. v. Am. W. Home Ins. Co.*, No. 1:12-CV-247, 2013 WL 5356898, at *7 (E.D. Tex. Sept. 9, 2013) (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex. 1988)).
[42] *Id.* (citing *Aranda*, 748 S.W.2d at 212–13; *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)).
[43] *Id.*
[44] *Id.* (citing *Tamez v. Certain Underwriters at Lloyd's London*, 999 S.W.2d 12, 21 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).
[45] *See id.*; *see Barrios v. Great Am. Assur. Co.*, No. CIV.A. H-10-3511, 2011 WL 3608510, at *4 (S.D. Tex. Aug. 16, 2011).
[46] *El T. Mexican Restaurants, Inc. v. Bacon*, 921 S.W.2d 247, 249 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing *Pankhurst v. Weitinger & Tucker*, 850 S.W.2d 726, 729 (Tex. App.—Corpus Christi 1993, writ denied); *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443, 445–46 (Tex.1993)).
[47] *Id.* (citing *Davis v. City of Houston*, 869 S.W.2d 493, 494 n. 1 (Tex. App.—Houston [1st Dist.] 1993, writ denied)); Tex. Tax Code §§ 171.251–171.252 (prohibiting corporation that has not paid its franchise taxes from going into Texas state courts to sue or defend except in an action for forfeiture of charter)).
[48] *Id.*

lacks standing to bring this action in her own name. But even if this lawsuit had been brought by the named insured, 3L Lots and Developers LLC, rather than "Amanda Zamora d/b/a 3L Lots and Developers LLC," summary judgment in American Western's favor would still be appropriate because 3L Lots and Developers LLC lacks the capacity to sue.

17. According to the Texas Secretary of State, 3L Lots and Developers, LLC forfeited its charter to the Secretary of State on August 1, 2014 for violation of the franchise tax provision of the Texas Tax Code.[49] 3L Lots and Developers, LLC's existence remains forfeited and has not been revived.[50] Because 3L Lots forfeited its charter, it has no right to conduct business in Texas.[51] "The Supreme Court of Texas has held that where the Secretary of State has entered on the record in his office forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been canceled nor has the corporation been dissolved." However, "the effect of such a forfeiture is to prohibit the corporation from doing business in the state, and ***to deny it the right to sue*** or defend in any court of the state except in a suit to forfeit its charter."[52] Because 3L Lots and Developers LLC forfeited the right to do business in Texas, it lacks the capacity to sue.[53]

**D.  Zamora does not have standing to sue in her individual capacity, and there is no evidence that she has standing to sue as a representative of 3L Lots and Developers LLC.**

18. As the foregoing demonstrates, Zamora does not have standing to sue in her individual capacity. Furthermore, there is no evidence that she has standing to sue as a

---

[49] *See* **Exhibit B**: Forfeiture of Existence of 3L Lots and Developers, L.L.C.
[50] *See* **Exhibit C**: Certificate of Fact from Texas Secretary of State.
[51] *Timbertech Inc. v. Wallboards, Inc.*, No. 14-98-00422-CV, 1999 WL 649116, at *2 (Tex. App.—Houston [14th Dist.] Aug. 26, 1999, writ denied) (citing *Regal Constr. Co. v. Hansel*, 596 S.W.2d 150, 153 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.)).
[52] *Id.* (citing *Regal Constr. Co.*, 596 S.W.2d 150, 153 (citing *Humble Oil & Refining Co. v. Blankenburg*, 235 S.W.2d 891 (Tex. 1951))) (emphasis added).
[53] *See id.* (holding, because plaintiff forfeited the right to do business in Texas, it also lacked the capacity to sue).

representative of 3L Lots and Developers LLC. Therefore, her claims against American Western should be dismissed in their entirety.

19. Texas courts have held that "a sole shareholder who refuses to pay franchise taxes for his corporation, and does not dissolve the corporation, does not become a successor in interest to the corporation. Thus, he has no standing to sue for injuries to the corporation."[54] "A shareholder may not sue in his own name and for his own benefit on a cause of action belonging to a corporation, even if that shareholder is indirectly injured."[55] This is true even for sole shareholders.[56] In either case, it is the company that holds its assets, including any causes of action.[57]

20. When a corporation forfeits its privilege to sue, the title to its assets bifurcates with the legal title to the assets remaining in the corporation and the beneficial title vesting in the shareholders.[58] As the beneficial owners of the corporation's assets, the shareholders may prosecute and defend actions in state courts.[59] "This entitlement to prosecute and defend actions in state courts is what is meant by the term 'capacity.'"[60] However, while the shareholders have the capacity to sue, <u>they do not have standing</u>.[61] "Capacity to sue devolves upon the shareholders of a corporation when that corporation becomes incapacitated. Standing to sue, however, does not devolve upon the shareholders, and they must sue as representatives of the corporation,

---

[54] *El T. Mexican Restaurants, Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995), writ denied).
[55] *See id.* at 251; *see Mossler v. Nouri*, No. 03-08-00476-CV, 2010 WL 2133940, at *3 (Tex. App.—Austin May 27, 2010, pet. denied) (citing *Wingate v. Hajdik*, 795 S.W.2d 717, 718–19 (Tex. 1990); *White v. Independence Bank, N.A.*, 794 S.W.2d 895, 897 (Tex. App.—Houston [1st Dist.] 1990, writ denied)).
[56] *Id.*
[57] *Id.*
[58] *See El T. Mexican Restaurants*, 921 S.W.2d at 251; *Regal Constr. Co.*, 596 S.W.2d at 153.
[59] *Id.*
[60] *Id.*
[61] *Mossler*, 2010 WL 2133940 at *3 (emphasis added).

which still owns legal title to its cause of action."[62] For the shareholders to sue as representatives of the corporation, there must be some proof that the corporation expressly gave the shareholders the authority to conduct the corporation's litigations.[63] Absent proof of representative capacity, the court must assume the shareholders were not suing in such a capacity.[64]

21. In the present case, Zamora brought suit in her individual capacity.[65] Under Section I of the Petition, titled "Parties and Rule 190 Discovery Level," Zamora states that "Plaintiff is an individual."[66] In *El T. Mexican Restaurants, Inc. v. Bacon*, the court determined that the plaintiff was appearing in his individual capacity, and not as a representative of a corporation, by looking at the same statement in the plaintiff's petition that stated "Plaintiff is an *individual* residing in Harris County, Texas."[67] Zamora clearly brought this lawsuit in her individual capacity, yet she does not have standing to sue in her individual capacity for injuries that allegedly occurred to the incapacitated 3L Lots and Developers LLC. Further, there is no evidence that Zamora has authority to act in a representative capacity for 3L Lots and Developers LLC. Therefore, because Zamora does not have standing to sue in a representative capacity for 3L Lots and Developers LLC, and because she improperly brought this suit in her individual capacity, all of Zamora's claims should be dismissed.

## V. SUMMARY JUDGMENT EVIDENCE

22. Defendant's motion for summary judgment depends upon the following evidence, which is attached hereto and incorporated fully into this motion:

- **Exhibit A:** Declaration of Michelle Newton;

---

[62] *Id.*
[63] *See White v. Independence Bank, N.A.*, 794 S.W.2d 895, 898 n. 3 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *Kaspar v. Thorne*, 755 S.W.2d 151, 154 (Tex. App.—Dallas 1988, no writ).
[64] *See id.*
[65] *See* Petition, ¶ 1.
[66] *See id.* (emphasis added).
[67] *See El T. Mexican Restaurants*, 921 S.W.2d at 250 (emphasis in original).

Case 7:15-cv-00356   Document 5   Filed in TXSD on 09/24/15   Page 12 of 12

- o **Exhibit A-1:** Policy;
- o **Exhibit A-2:** Property Loss Notice;
- o **Exhibit A-3:** Letter to Amanda Zamora Insurance Agency;
- o **Exhibit A-4:** Letter to Insured;

- **Exhibit B:** Forfeiture of Existence of 3L Lots and Developers, L.L.C.;

- **Exhibit C:** Certificate of Fact from Texas Secretary of State.

## VI.    CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant American Western Home Insurance Company respectfully requests that the Court enter judgment that Plaintiff take nothing in its suit, that the Court enter an order dismissing Plaintiff's suit with prejudice, Defendant recovers its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant American Western Home Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2015, a true and correct copy of the foregoing was served on all counsel of record via the ECF filing system pursuant to the Federal Rules of Civil Procedure.

*/s/ Valerie Henderson*
Valerie Henderson

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**                                                                     **PAGE 12 OF 12**